**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LAURA SHERMAN** **CIVIL ACTION**

**VERSUS** **NO. 23-442-JWD-RLB**

**LOUISIANA WORKERS' COMPENSATION CORPORATION**

**ORDER**

Before the Court is Defendant's Motion to Quash Subpoena to Produce Documents. (R. Doc. 58). The motion is opposed. (R. Doc. 61). Defendant filed a reply (R. Doc. 64).

## I. Background

Laura Sherman ("Plaintiff") commenced this civil action on June 9, 2023, alleging that she was unlawfully terminated from her employment with the Louisiana Workers' Compensation Corporation ("LWCC" or "Defendant") on the basis of her race in violation of 42 U.S.C. § 1981. (R. Doc. 1). The Scheduling Order established March 29, 2024, as the deadline for completing all non-expert discovery. (*See* R. Doc. 8). This deadline was never extended.

According to Defendant, Plaintiff did not conduct any discovery prior to the foregoing deadline: Plaintiff did not serve written discovery requests, take depositions, or serve any subpoenas for third-party records.

On February 4, 2025, the district judge denied Defendant's Motion for Summary Judgment. (R. Doc. 36). The parties subsequently participated in settlement negotiations with the undersigned, but failed to settle the dispute. (R. Doc. 37).

On September 24, 2025, the district judge continued and reset trial to begin on August 3, 2026. (*See* R. Doc. 45). Plaintiff did not seek an order reopening discovery.

On July 7, 2026, the district judge held a pre-trial conference, reset trial to begin on February 22, 2027, and stayed and administratively closed the action to provide the parties an opportunity to settle the action by September 8, 2026. (R. Doc. 54).

On August 6, 2026, more than two years after the expiration of the non-expert discovery deadline and while the action was stayed and administratively closed, Plaintiff served a subpoena on the Defendant and the LWCC Foundation (a separate non-party entity), seeking the production of audited financial statements for the past three years. (R. Doc. 58 at 2; *see* R. Doc. 65-1). The subpoena seeks compliance in Courtroom 1 of the Middle District of Louisiana on February 22, 2027, the first day of trial. (R. Doc. 65-1 at 1).

On August 13, 2026, Defendant served written objections and requested that Plaintiff withdraw the subpoena. (R. Docs. 58-3, 58-4). After Plaintiff refused to do so, Defendant informed Plaintiff that it will file the instant Motion to Quash the subpoena as untimely and in light of other defects raised in the objections. (R. Docs. 58-5, 58-6).

On September 10, 2026, the district judge granted the parties' joint motion to reopen the proceedings. (R. Doc. 57).[1]

Defendant then filed the instant Motion to Quash on September 14, 2026. (R. Doc. 58). Defendant contends that the subpoena is untimely because it was served well after the close of discovery and there is no good cause established for the requested extension. (R. Doc. 58-1 at 3-6). Defendant then argues that the subpoenas was served to harass and intimidate Defendant during settlement discussions. (R. Doc. 58-1 at 6-7). In addition to an order quashing the subpoena, Defendant also seeks an award of attorney's fees and costs incurred in filing the instant motion pursuant to Rule 45(c)(1). (R. Doc. 58-1 at 7-8).

[1] In seeking to lift the stay, the parties did not inform the district judge of the instant dispute. (*See* R. Doc. 56).

In opposition, Plaintiff contends that the subpoena is not an untimely discovery request, but rather a valid "trial subpoena" issued under Rule 45 to require the production of evidence for trial regarding punitive damages. (R. Doc. 61). Plaintiff first argues that notice was sufficient pursuant to Rule 45(a)(4), an issue raised in Defendant's objections to the subpoena. (R. Doc. 61 at 2-5). In arguing that the subpoena is a "trial" and not a "discovery" subpoena, Plaintiff notes that the subpoena is returnable to the courtroom on the morning of trial (February 22, 2027), arguing that the subpoena does not cause any undue burden or prejudice to Defendant. (R. Doc. 61 at 5-11). To the extent the subpoena is found to be part of the discovery process, Plaintiff requests a limited reopening of discovering pursuant to Rule 16 of the Federal Rules of Civil Procedure. (R. Doc. 61 at 10-11). Plaintiff then argues that the subpoena did not have to be served on the non-party LWCC Foundation, and Defendant has not produced any evidence in support of a finding that the subpoena was served as a means to harm or harass the Defendant. (R. Doc. 61 at 11-12).

In reply, Defendant argues that Plaintiff devotes the majority of her opposition to irrelevant arguments regarding notice and other issues to downplay the untimeliness and questionable purpose of the subpoena. (R. Doc. 64).

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 45 governs the issuance of subpoenas. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Subpoenas issued for discovery purposes are subject to the discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co*., 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the

party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).").

Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that. . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to

cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

**B. Analysis**

Having considered the record and the governing law, the Court will grant Defendant's Motion to Quash. (R. Doc. 58).

Non-expert discovery in this action closed on March 29, 2024, and was never reopened. The record supports a finding that while discovery was opened, Plaintiff failed to conduct any discovery. More than two years have expired since the close of discovery. Nevertheless, on August 6, 2026, without seeking leave of court or filing a motion seeking to reopen discovery, Plaintiff served a Rule 45 subpoena on Defendant (and the non-party LWCC Foundation) seeking the production of audited financial statements. Plaintiff does not explain why this information was not sought during the actual discovery period.

The Court's Local Rules provide that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline," and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2). Subpoenas issued for discovery purposes are subject to the scheduling limits and scope restrictions established under Rules 16 and 26(b). The instant Rule 45 subpoena – whether it is viewed as an attempted workaround the Rule 34 deadlines or otherwise – was untimely served more than two years after the close of discovery and just months prior to trial. This Court has consistently held that Rule 45 subpoenas served after the expiration of discovery deadlines are untimely and subject to being quashed. *See*, *e.g.*, *Sandifer v. Hoyt Archery, Inc.*, No. 12-322, 2015 WL 3465923 (M.D. La. June 1, 2015) (quashing a subpoena that required compliance outside the court-ordered discovery

deadline). Similarly, this Court has quashed subpoenas that seek compliance prior to the close of discovery, but are attempted end-runs on the 30-day period provided by Rule 34. *See*, *.e.g.*, *Nguyen v. Louisiana State Bd. of Cosmetology*, No. 14-80, 2016 WL 320152, at *1 (M.D. La. Jan. 26, 2016) (quashing subpoenas seeking the production of documents from parties where a Rule 34 request would be untimely); *see also Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 928568 (E.D. La. Apr. 2, 2009) (granting motion to quash subpoena duces tecum served just 12 days prior to the close of discovery with a return date prior to the close of discovery because the Rule 45 subpoena was an attempt to bypass the 30-day response deadline of Rule 34).

In an attempt to bypass the discovery deadline, Plaintiff argues that the Rule 45 subpoena does not seek discovery at all; it is, instead, a "trial" subpoena seeking to compel the production of evidence in support of her punitive damages claim. (*See* R. Doc. 61 at 10–11). In support of this contention, Plaintiff emphasizes that the subpoena is returnable directly to Courtroom 1 of the Middle District of Louisiana on February 22, 2027, the date of trial. (*See* R. Doc. 61 at 8-11).

Plaintiff's argument is unpersuasive. As an initial matter, Rule 45 cannot be used to circumvent the requirements of Rule 34. "Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Thomas v. IEM, Inc.*, 2008 WL 695230, at *2 (M.D. La. March 12, 2008); *Pearson v. Trinity Yachts, Inc.*, 2011 WL 1884730, at *1 (E.D. La. May 18, 2011) ("[S]ervice on a named party in a lawsuit of a subpoena duces tecum that provides short notice circumvents the orderly procedures from requests for production of document *between parties* provided by Federal Rule of Civil Procedure 34."); *see* 7 Moore's

Federal Practice § 34.02[e] (3d ed.) ("Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45."); *see also* 8A Charles Alan Wright et al., Federal Practice and Procedure § 2204, at 365 (2d ed. 1994) ("If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness.").

The Court does not foreclose the concept of a "trial" subpoena for the purposes of requiring documents to be produced at trial. To be clear, "situations may arise in which a subpoena duces tecum may not constitute discovery and therefore may properly be filed and served following the close of the discovery period." *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002) (quashing subpoena duces tecum served after close of discovery and just five days before trial because it sought documents that were not produced during the course of discovery). Such situations would include seeking "to secure the production at trial of original documents previously disclosed by discovery." *Rice v. United States,* 164 F.R.D. 556, 558 n. 1 (N.D. Okla. 1995). Courts have also found that a "[t]rial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery." *Puritan Inv. Corp. v. ASLL Corp.,* No. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997).

Here, there is no dispute that (1) Plaintiff did not conduct any timely discovery and (2) the audited financial statements sought were not previously disclosed during discovery. Plaintiff had the opportunity to conduct discovery (both directed at Defendant and a non-party such as the LWCC Foundation) within the discovery period. Plaintiff has not established that the audited

financial reports were previously disclosed by discovery or should be considered trial perpetration devices. Accordingly, the Court finds good cause to quash the instant subpoena as untimely served after the discovery deadline.

Plaintiff also requests that the Court grant a limited reopening of discovery under Rule 16(b)(4) to permit production of these records. (R. Doc. 60 at 11-12). That request will be denied. Plaintiff has not demonstrated good cause to reopen discovery. Plaintiff offers no justification or explanation for her complete failure to serve Rule 34 discovery during the seven-month discovery window, nor does she explain why she waited over two years following the March 29, 2024 discovery deadline to seek financial statements. Dispositive motions have been resolved, and trial has been twice continued. Allowing discovery at this stage of the litigation would unduly prejudice Defendant.

For the foregoing reasons, the court will quash the subpoena as untimely discovery and need not reach the other issues raised by the parties. Discovery is closed and will not be reopened. Nothing in this Order, however, shall preclude the district judge from considering whether to require the production of those audited financial statements (or any other documents) at trial.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Quash Subpoena to Produce Documents (R. Doc. 58) is **GRANTED.** The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on November 16, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**